Dorothy HOOPER, Individually and as Representative of the Estate of Gayland W. Hooper, Deceased, Mark Hooper, Matthew Hooper, and Melissa Hooper, Appellants,

v.

Sudha N. CHITTALURU, M.D. and Arvind M. Pai, M.D., Appellees.

No. 14–05–00058–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 29, 2006.

James E. Girards, Michael C. Engelhart, for appellants.

Deanna Dean Smith, Oliver W. Sprott, Jr., Marvin C. Moos, Joel Randal Sprott, R. Brent Cooper, Diana L. Faust, William Joel Akins, Heather Jean Reynolds Johnson, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION ON REHEARING

LESLIE BROCK YATES, Justice.

This appeal arises from a medical malpractice suit filed by appellants Dorothy Hooper, Individually and as Representative of the Estate of Gayland W. Hooper, Deceased, Mark Hooper, Matthew Hooper, and Melissa Hooper (collectively "Hooper") against appellees Sudha N. Chittaluru, M.D. and Arvind M. Pai, M.D.[1] The jury found that Dr. Chittaluru and Dr. Pai were not negligent but that Hooper was negligent in causing his own death. In two issues, Hooper claims the trial court abused its discretion in preventing him from calling Dr. Chittaluru's expert witness during his case in chief. We agree and reverse and remand for a new trial.

### Factual and Procedural Background

Gayland Hooper died in April 2002. Before his death, he was under the care of Dr. Chittaluru, an internist, and Dr. Pai, a cardiologist, for problems related to his heart and to high blood pressure. After his death, Hooper's family sued Dr. Chittaluru and Dr. Pai, alleging they caused Hooper's death through negligent treatment and by prescribing him Viagra.

Pursuant to the trial court's scheduling order, Dr. Chittaluru designated Dr. Mark Lambert, a cardiologist, as an expert witness. In Dr. Lambert's initial report, consisting of one and a half pages, he concluded that Hooper died of heart disease and that Viagra was not implicated in his death. During Dr. Lambert's deposition, Hooper's counsel asked him several questions about other aspects of Dr. Chittaluru's and Dr. Pai's care of Hooper, and Dr. Lambert's testimony was largely favorable to Hooper. Before the deposition, Hooper

---

1. Hooper sued Arvind M. Pai, M.D., P.A. No jury question was submitted as to the professional association, and Hooper has asserted no error relating to this. Thus, this appeal concerns only Dr. Chittaluru and Dr. Pai.

had cross-designated both defendants' experts in his response to requests for disclosure. The day after the deposition, Hooper supplemented his designation to include references to Dr. Lambert's deposition testimony. Soon thereafter, Dr. Pai moved to strike Dr. Lambert's testimony, arguing that Hooper failed to disclose Dr. Lambert's opinions in a timely manner. The trial court granted the motion, and at trial, the court upheld its prior ruling and prohibited Hooper from calling Dr. Lambert as a witness.

At trial, Hooper presented evidence regarding the alleged negligence of Dr. Chittaluru and Dr. Pai through testimony from Dr. Steven Fugaro, an internist, as well as testimony from Hooper's family. Dr. Chittaluru and Dr. Pai defended their treatment of Hooper and presented evidence that Hooper caused his own death by failing to comply with some of their treatment recommendations and refusing to change his lifestyle. The jury found that Hooper alone was negligent, and this appeal followed.

### Legal Standards

We review a trial court's decision to exclude evidence for an abuse of discretion. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex.2001); *Frazier v. Havens*, 102 S.W.3d 406, 410 (Tex. App.-Houston [14th Dist.] 2003, no pet.) To obtain reversal of a judgment based on error in the exclusion of evidence, the appellant must show (1) the trial court did in fact commit error and (2) the error probably resulted in an improper judgment. *Interstate Northborough*, 66 S.W.3d at 220; *Frazier*, 102 S.W.3d at 410. This usually requires a demonstration that the judgment turns on the excluded evidence. *See Interstate Northborough*, 66 S.W.3d at 220; *Knox v. Taylor*, 992 S.W.2d 40, 63 (Tex. App.-Houston [14th Dist.] 1999, no pet.).

If the evidence is merely cumulative and does not concern a material issue dispositive of the case, then its exclusion is harmless error. *See Interstate Northborough*, 66 S.W.3d at 220; *Knox*, 992 S.W.2d at 63.

In determining whether the trial court abused its discretion, we review the entire record. *See Interstate Northborough*, 66 S.W.3d at 220; *Knox*, 992 S.W.2d at 63. We must uphold the trial court's evidentiary ruling if there is any legitimate basis for doing so, even if that ground was not raised below. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n. 5 (Tex. 1989); *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 401 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Thus, we will examine all bases for upholding the trial court's judgment that are suggested in the record or urged by appellees.

### Analysis

#### A. Preservation of error.

Dr. Pai argues that Hooper failed to preserve his complaint for appeal because his offer of proof was defective. Rule 103 provides that error cannot be predicated on the exclusion of evidence unless the substance of the evidence was made known to the trial court through an offer of proof or was apparent from the context. Tex.R. Evid. 103(a)(2). To preserve error, the offer of proof must be specific enough to enable the reviewing court to determine the admissibility of the disputed evidence. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex.App.-Houston [14th Dist.] 2002, pet. denied).

After the trial court again ruled that Hooper could not call Dr. Lambert, Hooper submitted Dr. Lambert's entire deposition as his offer of proof. Dr. Pai complains that the offer of proof was inadequate because Hooper (1) offered Dr. Lambert's entire deposition instead of specific portions and (2) failed to explain

why Dr. Lambert's testimony was not cumulative of Dr. Fugaro's. We reject both of these arguments. First, when Hooper's counsel offered the entire deposition, he explained that when he attempted to identify a portion by page and line, he had included over ninety percent of the deposition and thus believed offering the entire deposition would be more convenient for everyone. This is not a case in which testimony on an isolated issue is buried in the middle of a voluminous deposition. *See Carreon v. Nat'l Standard Ins. Co.*, No. 01–85–0233–CV, 1986 WL 20850, at *5 (Tex. App.-Houston [1st Dist.] July 31, 1986, writ ref'd n.r.e.) (not designated for publication) (finding offer of proof inadequate when it was contained in only a few passages of a sixty-two page deposition). The "nature of the disputed evidence was apparent to all," and thus the offer was sufficiently specific. *Fox v. State*, 115 S.W.3d 550, 559 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). Second, neither Dr. Pai nor Dr. Chittaluru objected to Dr. Lambert's testimony as cumulative, and thus, unlike in *Welch*, which Dr. Pai cites, Hooper had no obligation to explain why it was not. *See Welch v. McLean*, 191 S.W.3d 147, 163–65 (Tex.App.-Fort Worth 2005, no pet.). We conclude that Hooper's offer of proof was sufficient to preserve error.

### B. Did the trial court err in excluding Dr. Lambert's testimony?

### 1. The propriety of calling an opponent's expert adversely.

The trial court's order striking Dr. Lambert's testimony did not provide a reason for the decision. However, in the hearing on Hooper's motion to reconsider, the court repeatedly stated, "You cannot hijack her expert." This implies that the trial court believed it is inherently improper to call an opponent's expert adversely.

Appellees do not argue this point on appeal, and we can find no authority to support such a broad, general proposition. Indeed, all available authority suggests otherwise. For example, the Texas Supreme Court has disapproved of attempts to assert ownership over an expert. *See Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556 (Tex.1990) (rejecting defendants' re-designation of testifying experts as consulting experts pursuant to settlement agreement that purported to give control over group of settling plaintiffs' experts to defendants). This is because such practice is inconsistent with the primary objective of discovery—to seek the truth. *See id.* at 559–60. Several courts have addressed issues involving cross-designated experts, implicitly assuming that such practice is permissible. *See, e.g., Crawford v. Hope*, 898 S.W.2d 937, 944 (Tex.App.-Amarillo 1995, writ denied) (finding no abuse of discretion in preventing plaintiff from calling defendant's expert because plaintiff did not cross-designate that expert); *Dennis v. Haden*, 867 S.W.2d 48, 52 (Tex.App.-Texarkana 1993, writ denied) (finding harmful error in prohibiting plaintiff from calling defendant's expert as rebuttal witness); *Kreymer v. N. Tex. Mun. Water Dist.*, 842 S.W.2d 750, 753 (Tex.App.-Dallas 1992, no writ) (discussing procedure for cross-examining expert designated by both parties).

■ We see no reason why expert testimony should automatically be treated differently than any other evidence produced by opponents, such as documents, that unquestionably can be used against the producing party. We conclude that Hooper should not have been prohibited from calling Dr. Lambert as a witness solely on the basis that Dr. Lambert was Dr. Chittaluru's expert. Thus, unless there is another legitimate basis for excluding Dr. Lam-

bert's testimony, the trial court abused its discretion.

## 2. Designation issues.

█ The record indicates that the trial court may have been concerned with the manner in which Hooper cross-designated Dr. Lambert, and both appellees have made arguments concerning the timeliness of Hooper's cross-designation. A trial court may exclude an expert who is not properly designated. *See* TEX.R. CIV. P. 193.6(a). However, we determine that Hooper timely cross-designated Dr. Lambert as to both Dr. Chittaluru and Dr. Pai. Therefore, excluding Dr. Lambert's testimony on this basis would have been an abuse of discretion.

The court's docket control order specifies that Hooper was to designate experts by November 14, 2003, and the defendants were to designate by January 3, 2004. Hooper timely designated his own experts and included a general cross-designation of the defendants' experts. Hooper did not identify the defendants' experts by name or provide the substance of their opinions because he did not yet have access to that information. *See* TEX.R. CIV. P. 195.1 (providing that a party may discover information about another party's testifying expert only through requests for disclosure, reports, and depositions). Dr. Chittaluru designated Dr. Lambert the day before her expert designation deadline. Hooper then supplemented his cross-designation to include Dr. Lambert's name, but Dr. Chittaluru did not provide a report or otherwise fully disclose Dr. Lambert's opinions, so Hooper had no other information to provide. In a hearing involving discovery issues, Hooper complained of Dr. Chittaluru's failure to disclose Dr. Lambert's opinions. The trial court ordered Dr. Chittaluru to disclose within a week or Dr. Lambert would be stricken, and the court set deadlines for the depositions of each sides' experts. Dr. Lambert was deposed, and Hooper supplemented his cross-designation the next day to include information from the deposition.

█ The court's docket sheet, which the judge initialed, notes that the motion to strike was granted because Hooper had not cross-designated Dr. Lambert as an expert as to Dr. Pai. This is simply incorrect. None of Hooper's designations specify that his designation of Dr. Lambert is limited to Dr. Chittaluru, and Hooper's post-deposition supplement details many criticisms specific to Dr. Pai's care of Hooper. Thus, if we consider the reason given on the docket sheet,[2] which neither appellee advances on appeal, that is an erroneous reason for striking Dr. Lambert's testimony.

Appellees make various arguments regarding the timeliness of Hooper's cross-designation. Dr. Chittaluru argues that Hooper's cross-designation was untimely because Hooper did not identify Dr. Lambert by name before Hooper's initial expert designation deadline in November and did not supplement his cross-designation until a month after Dr. Chittaluru provided her tardy report on Dr. Lambert, which she contends was not reasonably prompt. Dr. Pai asserted in his motion to strike that Hooper's post-deposition supplementation of Dr. Lambert's opinions was untimely because he should have disclosed those opinions earlier.

---

2. We generally may not consider docket entries because "they are only made for the clerk's convenience and are usually unreliable." *State Farm Fire & Cas. Co. v. Reed,* 826 S.W.2d 659, 661 (Tex.App.-Houston [14th Dist.] 1992), *aff'd on other grounds,* 873 S.W.2d 698 (Tex.1993).

The Texas Rules of Civil Procedure provide that expert designations must be supplemented "reasonably promptly after the party discovers the need for such a response." *See* Tex.R. Civ. P. 193.5(b), 195.6. Hooper's cross-designations were reasonably prompt and included the information that was available to him at the time. He could not possibly have disclosed Dr. Lambert's name before Dr. Chittaluru disclosed it to him or detailed Dr. Lambert's favorable opinions before he learned of them during the deposition. The discovery rules do not require Hooper to do the impossible. *See Frazin v. Hanley*, 130 S.W.3d 373, 377–78 (Tex.App.-Dallas 2004, no pet.) (reversing strike of late-disclosed experts in response to new counterclaim filed after expert deadline because appellant could not have designated earlier). Further, exclusion of evidence for failure to timely disclose is not appropriate if there is no surprise to the opposing parties. *See* Tex.R. Civ. P. 193.6(a)(2). Thus, to the extent Hooper could have provided any of his cross-designation supplements earlier, his failure to do so still does not justify exclusion because he had no information to disclose beyond that which he and Dr. Pai had already received from Dr. Chittaluru.

We conclude there was no basis for striking Dr. Lambert's testimony based on deficient cross-designation. Thus, exclusion of Dr. Lambert's testimony on this basis would have been an abuse of discretion.

### 3. Cumulativeness.

Dr. Chittaluru and Dr. Pai argue, for the first time on appeal, that Dr. Lambert's testimony would have been cumulative of Dr. Fugaro's testimony. A trial court has authority to prevent the "needless presentation of cumulative evidence" under Texas Rule of Evidence 403.

However, "[t]he mere fact that another witness may have given the same or substantially the same testimony is not the decisive factor." *In re N.R.C.*, 94 S.W.3d at 807. We consider whether the excluded testimony would have added substantial weight to the appellant's case. *Id.; Bohmfalk v. Linwood*, 742 S.W.2d 518, 521 (Tex. App.-Dallas 1987, no writ). Litigants often have a legitimate need to offer similar evidence from different witnesses. For example, testimony from a disinterested witness may lend substantial weight to similar testimony from an interested witness, particularly on a hotly-contested issue. *See In re N.R.C.*, 94 S.W.3d at 807; *Sims v. Brackett*, 885 S.W.2d 450, 454 (Tex.App.-Corpus Christi 1994, writ denied).

The parties dispute the extent and significance of the overlap between Dr. Lambert's and Dr. Fugaro's testimony. We need not analyze any differences between their testimony because even if their testimony is identical, other factors render it non-cumulative. Dr. Lambert and Dr. Pai are both cardiologists, while Dr. Fugaro is an internist. Because of this difference in expertise, the jury could have determined that Dr. Lambert was better qualified to comment on a cardiologist's standard of care and whether Dr. Pai breached that standard. Further, hired experts risk being perceived by the jury as interested in providing testimony helpful to the party paying them. Thus, damaging testimony against a party by its own expert (or even a co-defendant's expert) carries more weight than similar testimony from an expert paid by the other side. Because of these differences in qualifications and potential for perceived bias involving testimony on controlling issues, Dr. Lambert's testimony would have added substantial weight to Hooper's case and thus was not cumulative. *See Benavides v.*

*Cushman, Inc.,* 189 S.W.3d 875, 883–84 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (concluding that two experts with similar testimony were not cumulative because their qualifications were different and one was called adversely by the plaintiff); *Sims,* 885 S.W.2d at 454 ("The difference in the two expert's [sic] credentials and [the first expert]'s lack of a personal relationship with [the plaintiff] in all likelihood would have enhanced [the first expert]'s credibility compared to [the second expert]'s."); *Dennis,* 867 S.W.2d at 52 (finding harm in precluding plaintiff from calling defendant's former expert as rebuttal witness because his testimony was noncumulative and "would have allowed the jury to know that at least one previous expert hired by [the defendant] thought that [the defendant] was at fault to some extent"). Thus, cumulativeness is not a legitimate basis for upholding the trial court's decision to strike Dr. Lambert's testimony.

**4. Non-opposition to motion.**

■ The local rules for the civil district courts of Harris County provide that "[f]ailure to file a response [to a motion] may be considered a representation of no opposition." Harris (Tex.) Civ. Dist. Ct. R. 3.3.2. Dr. Pai argues that because Hooper did not file a written response to his motion to strike, the trial court could have considered it unopposed and granted the motion on that basis alone. We reject this argument. Dr. Pai's motion was set for a hearing on three days' notice, and the local rules require written responses to be filed two days before the hearing. Harris (Tex.) Civ. Dist. Ct. R. 3.3.3. Thus, Hooper would have had the difficult burden of filing a written response within one day. Instead, he attended the hearing and contested the motion orally. Though no transcription of the hearing is in the record, it is undisputed that Hooper orally contested the motion at the hearing, so we accept it as true. *See* Tex.R.App. P. 38.1(f). The cases Dr. Pai cites involve situations in which the appellants filed no written response and, unlike here, did nothing to otherwise indicate any opposition to the motion before it was granted. *See Cire v. Cummings,* 134 S.W.3d 835, 844 (Tex. 2004); *Indep. Bankers Mortgage Co. v. Osborne,* No. 01–92–00114–CV, 1993 WL 282921, at *2 (Tex.App.-Houston [1st Dist.] July 29, 1993, no writ) (not designated for publication). Because Hooper made his opposition clear at the hearing on this motion, granting the motion solely on the basis that it was unopposed would have been an abuse of discretion.

**C. Was excluding Dr. Lambert's testimony harmful?**

■ Having found no legitimate basis for the trial court's exclusion of Dr. Lambert's testimony, we must next determine if that error was harmful. We conclude that it was.

■ Cumulativeness is not only a potential basis for excluding evidence but is also a factor in analyzing harm. The erroneous exclusion of evidence that is merely cumulative and does not concern a material issue dispositive of the case is harmless error. *See Interstate Northborough,* 66 S.W.3d at 220; *Knox,* 992 S.W.2d at 63. As discussed above, Dr. Lambert's testimony was not cumulative because of the difference in their qualifications [3] and

---

3. Dr. Pai argues that excluding Dr. Lambert's testimony was harmless because Hooper had designated another cardiologist whom he could have called but did not. However, even though Dr. Lambert and the other doctor were both cardiologists, the other doctor was not retained by the defense, and thus the

the fact that he was not retained by the party for whom he would have been testifying. *See Benavides,* 189 S.W.3d at 883–84; *Sims,* 885 S.W.2d at 454; *Dennis,* 867 S.W.2d at 52. Thus, the exclusion of his testimony was harmful.

Appellees argue that excluding Dr. Lambert's testimony was harmless because Hooper did not challenge the sufficiency of the evidence to support the jury's negligence findings, which they contend are independent bases for the judgment. Appellees are correct that a judgment may be affirmed on unchallenged, independent grounds supporting the judgment. *See Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Kelly v. Klein,* 827 S.W.2d 609, 611 (Tex.App.-Houston [14th Dist.] 1992, no writ). However, that rule is inapplicable in this case. The jury's negligence findings are not independent bases to support the verdict but are at the heart of Hooper's appeal. Hooper's entire point is that the jury might have reached a different verdict if Dr. Lambert had been allowed to testify, not that there was insufficient evidence to support the conclusion reached. We reject appellees' argument that the trial court's error in excluding Dr. Lambert's testimony was harmless because Hooper did not challenge the sufficiency of the evidence.

■ The jury was asked the broad-form question of whether the negligence, if any, of Dr. Chittaluru, Dr. Pai, or Hooper proximately caused Hooper's death. Appellees contend the excluded evidence is irrelevant to their negligence because Dr. Lambert's deposition testimony does not show either that Dr. Chittaluru was negligent or that either doctor's actions proximately caused Hooper's death. Although the majority of Dr. Lambert's testimony focused on Dr. Pai's negligence, he clearly testified that Dr. Chittaluru breached the standard of care in her treatment of Hooper's high blood pressure. Dr. Lambert also testified that Dr. Chittaluru's negligence was "an issue" in Hooper's death, that Dr. Pai's negligence was "the big issue" in Hooper's death, and that Hooper would likely have lived longer had he been treated properly. Because Dr. Lambert's testimony implicated negligence and proximate cause[4] as to both doctors, it was

---

impact of his testimony would not have been as significant.

4. Dr. Pai and Dr. Chittaluru moved for rehearing, arguing in part that Dr. Lambert's testimony did not establish proximate cause and thus excluding it was harmless. They contend that because Dr. Lambert testified only to possible causes of Hooper's death and did not definitely state that either doctor's conduct more likely than not caused Hooper's death, his testimony was insufficient to establish proximate cause and at most, established loss of a chance of living longer, which Texas law does not recognize as a basis for recovery. Appellees are correct that reasonable probability, not mere possibility or loss of a less-than-even chance of avoiding death, is necessary to establish proximate cause. *See Park Place Hosp. v. Milo,* 909 S.W.2d 508, 511 (Tex.1995); *Bradley v. Rogers,* 879 S.W.2d 947, 953–59 (Tex.App.-Houston [14th Dist.]

1994, writ denied). However, in a multiple-expert case, it is not necessary for each expert to independently establish proximate cause. Rather, we consider the evidence as a whole, and expert testimony on possible causes of death is appropriate to assist the jury in reaching its ultimate conclusion regarding causation. *See Lenger v. Physician's Gen. Hosp., Inc.,* 455 S.W.2d 703, 706–07 (Tex. 1970); *Purina Mills, Inc. v. Odell,* 948 S.W.2d 927, 936 (Tex.App.-Texarkana 1997, writ denied); *Bormaster v. Henderson,* 624 S.W.2d 655, 659 (Tex.App.-Houston [14th Dist.] 1981, no writ). Thus, Dr. Lambert did not need to independently establish proximate cause, and his testimony regarding appellees' roles in Hooper's death, in combination with the other expert evidence already admitted, would have added substantial weight to Hooper's case, thereby possibly persuading the jury to reach a different outcome. Accordingly, we

central to a material issue dispositive to the case, and thus excluding it was harmful. *See Interstate Northborough*, 66 S.W.3d at 220; *Knox*, 992 S.W.2d at 63.

Further, appellees argue that any error was harmless because Dr. Lambert's testimony would not have changed the jury's finding that Hooper was negligent. Though Dr. Lambert disapproved of some aspects of Hooper's behavior and lifestyle, his testimony was not exclusively critical of Hooper. For example, he described instances in which Hooper was not counseled properly on ways to take care of himself. Nevertheless, even if Dr. Lambert was entirely critical of Hooper, excluding his testimony was still harmful. The jury's finding that Hooper was negligent did not automatically bar his recovery, but the findings that Dr. Pai and Dr. Chittaluru were not negligent did. If the jury had found that either of the two doctors was negligent, it would have had to answer the next question, which would have required it to allocate the percentage of negligence between Hooper and the doctors. Because Dr. Lambert's testimony implicated the negligence of both doctors, his testimony could have caused the jury to find either or both of them negligent, which could have changed the ultimate outcome, even if they still concluded that Hooper was negligent. Accordingly, we find the trial court's ruling excluding Dr. Lambert's testimony probably resulted in an improper judgment.

### Conclusion

Because we determine the trial court committed harmful error in excluding Dr. Lambert's testimony, we reverse the trial court's judgment and remand this case for a new trial.

maintain our conclusion that excluding Dr. Lambert's testimony was harmful.