**Affirmed and Memorandum Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

———————————————

## NO. 14-10-00937-CV

———————————————

### RAYMOND C. HENNIGAR, Appellant

### V.

### SUSAN CUNNINGHAM, Appellee

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1978-27379**

## MEMORANDUM OPINION

Appellant Raymond C. Hennigar challenges the trial court's judgment granting his former wife's request for a lien and writ of withholding for past-due child support. Because the amount of the judgment is supported by the record and Hennigar's remaining complaints have not been preserved, we affirm the trial court's judgment.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Hennigar and appellee Susan Cunningham were married in 1972 and had a son two years later.   They divorced in 1978, and the trial court appointed Cunningham managing conservator.   Hennigar was ordered to pay child support of $100 per month, in two $50

installments, into the child-support division of Harris County Child Welfare. As of January 2010, the registry for that division had recorded no payments.

On January 6, 2010, Cunningham filed a notice of child support lien and a notice of application for judicial writ of withholding. On January 21, 2010, acting pro se, Hennigar moved to vacate the lien and dismiss the action as time-barred. Cunningham responded by asking the trial court to foreclose on the lien, determine the amount of unpaid child support, and award attorney's fees. An initial hearing before an associate judge was set for February 17, 2010.

Twenty-five days before the hearing, Cunningham served interrogatories, a request for production of documents and a request for disclosure in which, among other things, she asked Hennigar to produce evidence of payment, to state the legal theories on which he would rely, and to identify persons with knowledge of relevant facts. Because the requests were served less than 30 days before the hearing, Hennigar did not respond.[1] At the hearing, the associate judge ruled in Cunningham's favor, granting her request for a lien and a writ of withholding and awarding her attorney's fees and $108,442.66 in past-due child support.

Hennigar retained counsel and timely requested a de novo hearing before the referring court. In his initial request, he asserted that (1) he owed no child support because the State possessed no record of arrearages; (2) Cunningham's claim was rendered dormant by statute, and a statutory amendment removing child support from the general dormancy provision was unconstitutional; (3) Cunningham's claim was barred by the equitable defense of laches; (4) Cunningham's notice of lien and the associate judge's

---

[1]     *See* TEX. R. CIV. P. 194.1–194.2 (requests for, *inter alia*, disclosure of legal theories and persons with knowledge of relevant facts must be served no later than 30 days before the end of any applicable discovery period), 196.1 (applying same rule to requests for production), 197.1 (applying same rule to interrogatories); *see id*. 190.3(1)(A) (in cases under Family Code, discovery period ends 30 days before the date set for trial).

order were defective; and (5) the Family Code's lien-notice provision was unconstitutional. The de novo hearing was set for April 15, 2010.

Twenty-three days before the scheduled hearing, Cunningham served an additional request for production and Hennigar responded that the request was untimely. The hearing was subsequently rescheduled to June 2, 2010. In the interim, Hennigar amended his request for de novo hearing twice, supplementing his constitutional arguments and requesting attorney's fees.

On the day of the de novo hearing, Cunningham filed a motion to exclude the evidence and witnesses that Hennigar had failed to identify in response to her requests. Although Hennigar maintained that no answer was required because the discovery requests were untimely, he nevertheless moved for an extension of time in which to answer the discovery, and he served his responses the same day. The court granted Cunningham's motion and excluded the evidence and witnesses that Hennigar had failed to identify in response to Cunningham's discovery requests.

Cunningham also moved to strike the amended portions of the request for de novo hearing on the ground that such a request is analogous to a motion for new trial, and thus, the Family Code should be construed to permit amendments only within the seven-day period allotted for making the initial request. *Compare* TEX. FAM. CODE. ANN. §201.015 (West 2008) (request must specify the issues that will be presented to the referring court and must be filed within seven days of the notice of the associate judge's ruling) *with* TEX. R. CIV. P. 329b(a) (motion for new trial must be made within thirty days of judgment) *and Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex. 2003) (holding that amended motion for new trial must be filed within the same thirty days of judgment or it preserves nothing for review). The trial court sustained Cunningham's motion to strike Hennigar's amendments to his request for de novo hearing.

At the de novo hearing, Cunningham testified that Hennigar had failed to make regular payments and that she sought $111,000.73. She offered three exhibits to prove

3

that Hennigar owed this amount. Exhibits A and B—the divorce decree and a copy of the Harris County child-support division registry showing no payments made—were admitted. Exhibit C was a chart showing Cunningham's arrearage calculations; it included a list of all payments due under the child support order, notations of missed payments for some ten years that their son resided with Cunningham, and a combination of payments and possession credits for some four years that their son resided with Hennigar. It totaled the amount owed and applied interest calculations to arrive at a total of $111,395.55. Cunningham's request of $111,000.73 reflected this figure after "credit[ing Hennigar] for . . . money that was levied from [Hennigar's] bank account" since the associate judge's ruling in February 2010. The trial court admitted Exhibit C "as a shorthand rendition of [Cunningham's] testimony." On cross-examination, however, Cunningham testified that she did not remember the exact dates that Hennigar had made or missed payments, and Hennigar moved to strike Exhibit C because of Cunningham's lack of personal knowledge of the events it recorded. The trial court sustained his objection and excluded the exhibit. Cunningham's counsel then testified as an expert witness that "[w]hen Ms. Cunningham came and met with us, she specifically told us about the possession credit . . . [a]nd she also told us about dates and amounts, and those are reflected in this exhibit." Hennigar successfully objected to this statement as hearsay. Shortly thereafter, however, Cunningham's counsel "reurge[d] . . . Exhibit C as a summary of the dates, and the payments, and the amounts due for the [c]ourt and the payments that [Cunningham] has been [sic] given credit for and the possession credit as an aid to the court." The trial court admitted the portion of the chart showing "those amounts that are due on the interest, but . . . disregard[ed] any payment portion as [Cunningham] could not testify to those."

After the de novo hearing, the trial court granted Cunningham's request for a child-support lien and writ of withholding for $111,000.73 in arrearages, plus attorney's fees. Neither party requested findings of fact and conclusions of law.

4

## II.    ISSUES PRESENTED

In three issues, Hennigar challenges the legal and factual sufficiency of the evidence and argues that the trial court reversibly erred in striking his amended request for a de novo hearing and excluding his witnesses.

## III.    ANALYSIS

### A.    Evidentiary Sufficiency

In his first issue, Hennigar argues that the evidence is legally and factually insufficient to support the judgment.   We review a trial court's adjudication of child support for abuse of discretion.   *See In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)).   A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it fails to analyze or apply the law correctly.   *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).   Under the abuse-of-discretion standard, sufficiency of the evidence is not an independent ground of error, but is a factor in assessing whether the trial court abused its discretion.   *A.L.S.*, 338 S.W.3d at 65; *London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, no pet.).   When, as here, no findings of fact and conclusions of law were requested, we presume that the trial court made all findings necessary to support the judgment and will uphold those findings if supported by the record.   *A.L.S.*, 338 S.W.3d at 65 (citing *Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). In calculating child-support arrearages, however, the trial court's discretion is very limited.   *Id.*   Although the trial court can award certain offsets and credits, it has no discretion to forgive or decrease a past child-support obligation.   *Id*.   Thus, in a proceeding to confirm child-support arrearages, the trial court's calculations must be based on the payment evidence presented.   *Id.*

Although legal and factual insufficiency are not themselves bases for reversal in this case, we address them specifically because they are at the core of Hennigar's argument that

the trial court abused its discretion. In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence to support them as we would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In a legal sufficiency challenge, we examine the record in the light most favorable to the judgment and consider whether the evidence at trial would enable a reasonable and fair-minded factfinder to reach the verdict under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *See id.* The evidence is legally sufficient unless (a) there is a complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810. The record contains more than a scintilla of evidence, and thus the evidence is legally sufficient, if reasonable minds could form differing conclusions about a vital fact's existence. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782–83 (Tex. 2001). Conversely, the evidence is insufficient when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). A judgment is factually sufficient unless it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175. 176 (Tex. 2004) (per curiam).

Hennigar challenges the legal sufficiency of the evidence on three bases. First, he argues that there was a complete absence of evidence to support the amount of the trial court's judgment. At trial, Cunningham testified that Hennigar failed to make regular payments and that she sought $111,000.73, a figure based on the total amount reflected in the admitted portion of Exhibit C. Hennigar claims that this figure was derived solely from the excluded portion of Exhibit C, which documents specific dates on which Hennigar allegedly missed or made payments and credits him with a combination of

payments and possession credits for the years that their son lived with him. He argues that when the trial court excluded that portion of the exhibit, it "effectively removed the evidence necessary for the trial court to ascertain the amount, if any, of arrearages." Thus, he claims, there was a complete absence of admissible evidence to support the judgment. This argument merges with Hennigar's second asserted basis for legal insufficiency—that the trial court was barred by the rules of evidence from giving weight to the excluded portion of Exhibit C, which, as with respect to his first argument, he characterizes as the only evidence offered to prove how much he owed. Hennigar asserts that by basing its judgment on the admitted portion of Exhibit C—which sets forth the total amount owed in missed payments and calculates interest—the trial court necessarily relied upon the excluded portion of the exhibit, from which that total was derived. Hennigar also argues that the trial court was barred from considering the admitted portion of Exhibit C because it was supported only by Cunningham's attorney's statements that it accurately reflected the total amount owed—statements, Hennigar claims, that were inadmissible both as improper expert testimony and as hearsay. Thus, he argues, the trial court was barred by multiple rules of evidence from giving weight to the only evidence offered to prove how much he owed. He concludes that because the judgment depended solely upon inadmissible evidence—the excluded portion of Exhibit C and the statements by Cunningham's attorney that the admitted portion was correct—the admissible evidence proving the amount he owed was no more than a scintilla. As to factual insufficiency, Hennigar argues that the judgment, by relying solely upon inadmissible evidence and disregarding his testimony that he made all required payments, was so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

Hennigar assumes that the excluded part of Exhibit C was the sole evidence supporting the judgment; to sustain this assumption, he argues that all other evidence supporting the judgment, such as Cunningham's testimony and the admitted portion of Exhibit C, implicitly derived from the excluded portion of Exhibit C. He ignores the fact that—in addition to Cunningham's own testimony—the divorce decree establishes the

7

dates on which Hennigar was obligated to make payments, and the Harris County child-support registry shows that he failed to make those payments in the manner required. Those two exhibits, together with a straightforward calculation of interest, would actually have been sufficient to establish that Hennigar owed *more than* the amount that Cunningham requested, which credits Hennigar with a combination of payments and possession credits for the approximately four years in which their son resided with him.

Viewing the record in the light most favorable to the judgment, the evidence at trial was legally sufficient to support the judgment without resort to the excluded portion of Exhibit C. The judgment was also not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust, and therefore was factually sufficient. Having rejected Hennigar's challenges to the sufficiency of the evidence, we conclude that the trial court did not abuse its discretion. Accordingly, we overrule Hennigar's first issue.

## B.    Amended Requests for De Novo Hearing

Hennigar next argues that the trial court erred in striking his amended requests for de novo hearing. In his initial request, he asserted that (1) he owes no child support because the State has no record of the arrearage; (2) Cunningham's claim is rendered dormant by statute, and a statutory amendment removing claims for unpaid child support from the general dormancy provision is unconstitutional; (3) Cunningham's claim is barred by the equitable defense of laches; (4) Cunningham's lien notice and the associate judge's order are defective; and (5) the Family Code's lien-notice provision is unconstitutional. In his amended requests, he supplemented his constitutional arguments and requested attorney's fees. At the de novo hearing, Cunningham moved to strike these amendments. Although her motion was sustained, Hennigar raised his additional constitutional issue in his closing argument without objection.

The only two additions to Hennigar's last amended request were the constitutional argument, which he actually argued to the court, and a request for attorney's fees—which,

given the outcome of the case, was a moot point. There is thus no basis for Hennigar's complaint. We therefore overrule his second issue.

## C.    Exclusion of Witnesses

Finally, Hennigar contends that the trial court erred in excluding "evidence and witnesses" at the de novo hearing. He does not, however, identify what evidence was allegedly excluded. Cunningham served discovery requests asking Hennigar to, *inter alia*, produce evidence of payment, state the legal theories on which he would rely, and identify persons with knowledge of relevant facts. At the de novo hearing, Hennigar testified that he had paid in accordance with his obligations. He further testified that he had kept records of his payments for years but had discarded them after his son turned twenty. Thus, Hennigar did produce evidence of payment—his own testimony that he had paid. He was also permitted, in his closing argument, to state multiple legal theories on which he relied. The only testimony Hennigar specifically identifies on appeal as excluded is that of certain witnesses who had testified at his initial hearing before the associate judge.

We will not reverse a judgment based on the exclusion of testimony unless (1) the trial court abused its discretion in excluding the evidence, and (2) the error probably resulted in an improper judgment. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). To preserve the complaint that the trial court reversibly erred in excluding a witness's testimony, a litigant must make an offer of proof. *Ludlow v. DeBerry*, 959 S.W.2d 265, 270 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Without evidence of the substance of the testimony, we cannot determine that the trial court reversibly erred in excluding it. *Id.* Hennigar failed to make an offer of proof, and as a result, there is nothing for us to review. Because we are unable to determine that the trial court reversibly erred, we overrule Hennigar's third issue.

## IV.    CONCLUSION

Having determined that the amount of the judgment is supported by the record and that Hennigar's remaining complaints have not been preserved, we affirm the trial court's judgment.

/s/      Justice Tracy Christopher

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.