**Petition for Writ of Mandamus and Writ of Prohibition Dismissed in Part and Denied in Part, Motion to Stay Proceedings Denied as Moot, and Memorandum Opinion filed August 12, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00446-CR

### NO. 14-14-00447-CR

---

### IN RE KHAI LE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS AND WRIT OF PROHIBITION**
**County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 1881713**

---

## MEMORANDUM OPINION

On June 11, 2014, relator Khai Le filed a petition for writ of mandamus and writ of prohibition in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks relief by a writ of mandamus to compel the Honorable Don Smyth, presiding judge of the County Criminal Court at Law

Number 13 of Harris County, to vacate a directive issued by the Harris County District Clerk purportedly recalling the entry of an order dismissing the underlying proceedings, and also to direct dismissal of the underlying proceedings. Relator further seeks relief by a writ of prohibition to prevent Judge Smyth, the Harris County Community Supervision and Corrections Department, and the Harris County District Clerk's Office from taking any further action in the underlying proceedings. Also on June 11, 2014, relator filed a motion for a temporary stay of the underlying proceedings, pending disposition of her petition by this court. We dismiss relator's petition in part, deny relator's petition in part, and deny as moot relator's motion to stay proceedings.

## I. BACKGROUND

On March 2, 2013, relator Khai Le was charged by information with the class B misdemeanor offense of theft. The case was docketed under cause number 1881713 and assigned to County Criminal Court at Law Number 13 of Harris County. Relator pleaded guilty to the offense, and on March 8, 2013, the trial court entered an order of deferred adjudication, placing relator on community supervision for a period of 18 months. As a condition of relator's community supervision, she was required to not commit any further offenses.

On September 30, 2013, during the period of relator's community supervision, relator was charged by information with a new class B misdemeanor offense of theft. The new charge was docketed under cause number 1921669 and assigned to County Criminal Court at Law Number 13 as well. Because relator was charged with a new offense, the State filed a motion to adjudicate guilt in the first case, cause number 1881713.

Relator apparently reached a plea bargain with the State (the exact details of which are unknown to this court) and accordingly pleaded guilty in the second case, cause number 1921669, on February 18, 2014. The trial court entered a final judgment of conviction in that case the same day.

Also on February 18, 2014, the State filed a motion to dismiss the first case, cause number 1881713. The reason stated for the motion was that relator was convicted in the second case, cause number 1921669. Importantly, the motion to dismiss did not state it was limited only to the State's motion to adjudicate guilt. The trial court granted the State's motion the same day, issuing an order that reads: "[I]t is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed."[1]

On April 15, 2014—nearly two months after the first case was dismissed— the Harris County District Clerk issued a document in cause number 1881713 titled "COURT DIRECTIVE: GENERAL INFORMATION / RECALL." The document states: "BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause: . . . RECALL C87 ACTIVITY DISM OTHER dated[]02/18/14, for the following reason: ENTERED IN ERROR." Relator asserts in her petition that contemporaneously with the issuance of the recall directive, she was contacted by the Harris County Community Supervision and Corrections Department and informed that she remains subject to the terms of community supervision in cause number 1881713.

---

[1] The Honorable James Anderson was sitting as a visiting judge in Court Number 13 on February 18, 2014, and, therefore, signed relator's plea and judgment in cause number 1921669 and signed the order of dismissal in cause number 1881713.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief with respect to a criminal law matter, relator must show that she has no adequate remedy at law to redress her alleged harm, and that what she seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "With respect to the requirement that the act sought is purely ministerial, the relator must have a 'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'" *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled . . . , and clearly controlling legal principles.'" *Weeks*, 391 S.W.3d at 122 (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). With respect to the lack of an adequate remedy requirement, "potential review at a later time is not always or automatically an adequate remedy: 'In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding) (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding)).

"The line between writs of mandamus and prohibition is often thin . . . ." *Knowles v. Scofield*, 598 S.W.2d 854, 860 (Tex. Crim. App. 1980) (orig. proceeding). "The essential difference between the writ of prohibition and the writ of mandamus is that the former issues to prevent the commission of a future act

whereas the latter operates to undo or nullify an act already performed . . . ." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985) (orig. proceeding)). Because of the corresponding nature of the writs, "[t]he standards for mandamus and prohibition relief are essentially the same." *Simon v. Levario*, 306 S.W.3d 318, 320 n.3 (Tex. Crim. App. 2009) (orig. proceeding). Therefore, "prohibition relief is available only if the relator shows that he has a clear right to the relief sought and no other adequate legal remedy is available." *McCann*, 422 S.W.3d at 704.[2]

### III. ANALYSIS

As an initial matter, relator seeks relief in part against the Harris County Community Supervision and Corrections Department and the Harris County District Clerk's Office. This court has jurisdiction to grant mandamus or prohibition relief against officials of either office only where issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221(a), (b); *see also In re Z.Q.*, No. 14-12-01109-CV, 2013 WL 55991, *1 (Tex. App.—Houston [14th Dist.] Jan. 3, 2013, orig. proceeding) (mem. op., per curiam); *cf. Hinojosa v. Tarrant Cnty.*, 355 S.W.3d 812, 816 (Tex. App.—Amarillo 2011, no pet.) ("A district court possesses mandamus jurisdiction over county officials."). Relator offers no reason why issuance of a writ of mandamus or writ of prohibition against any official of these offices is necessary to enforce our jurisdiction, and we otherwise are not aware of any reason. Accordingly, we dismiss relator's petition

---

[2] The Court of Criminal Appeals occasionally may look to decisions of the Supreme Court of Texas for guidance in this area of the law. *See Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex.*, 738 S.W.2d 276, 285 (Tex. Crim. App. 1987) (orig. proceeding).

for want of jurisdiction as it pertains to the Harris County Community Supervision and Corrections Department and the Harris County District Clerk's Office.

In its February 18, 2014 order, the trial court dismissed the underlying proceedings. Judge Smyth suggests in his response that the State moved to dismiss only the motion to adjudicate guilt—and, by inference, the trial court dismissed only the motion to adjudicate—citing to a docket sheet included as an appendix to his response with a handwritten notation on it that reads, "DISM MAJ." Neither the State's motion to dismiss nor the trial court's corresponding order on that motion anywhere states that dismissal was limited only to the motion to adjudicate. Rather, both the motion and the order are unconditional in requesting and ordering, respectively, the dismissal of cause number 1881713. The text of the trial court's order is controlling. An inconsistent docket sheet notation does not override the effect of the order. *See Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 178 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Entries on docket sheets may not be used to contradict trial court orders and are not generally considered to be trial court orders or findings."); *Hooper v. Chittaluru*, 222 S.W.3d 103, 109 n.2 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("We generally may not consider docket entries because they are only made for the clerk's convenience and are usually unreliable.") (internal quotations omitted).

By issuing the February 18, 2014 order dismissing cause number 1881713, the trial court divested itself of jurisdiction over that matter:

> It is well settled that when a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the person accused thereunder is, in law, discharged from the accusation against him; there is, concomitant to such dismissal, no

case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court.

*Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding); *see also Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) ("[S]ubject-matter jurisdiction requires both a general grant of authority to the trial court *and* a charging instrument that invokes that jurisdiction over the particular case."); *Smith v. State*, 801 S.W.2d 629, 631 n.1 (Tex. App.—Dallas 1991, no pet.) ("We perceive no meaningful or substantive distinction between dismissal of a criminal case and dismissal of an indictment or information in a criminal case.").

Without jurisdiction, a trial court generally would not have any continuing authority to act in a case. *See, e.g.*, *State v. Klein*, 224 S.W.2d 250, 252 (Tex. Crim. App. 1949) ("For a court to act, it must have jurisdiction to do so. This is fundamental."). Thus, if a court issues a substantive order or judgment in the absence of jurisdiction, such an action usually will be void. *See, e.g.*, *Gonzales v. State*, 353 S.W.3d 826, 830 n.4 (Tex. Crim. App. 2011); *see also State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (plurality op.) (orig. proceeding) ("Without jurisdiction, the trial court has no power to act. Consequently, a source of jurisdiction must be found to authorize the trial court's orders.").

Relator, however, has not demonstrated her entitlement to relief, because she has not shown that the trial court is continuing to assert jurisdiction over cause number 1881713. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.— Houston [14th Dist.] 2013, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(a), 52.7(a)(1). The only document relator includes in her appendix that

post-dates the trial court's February 18, 2014 order of dismissal—and, consequently, the only document in the appendix that could demonstrate a continued assertion of jurisdiction by the trial court after the court's jurisdiction expired—is the recall directive issued on April 15, 2014. By itself, however, the recall directive is insufficient for relator to carry her burden.

Relator asserts that the recall directive effectively reinstated the dismissed case in cause number 1881713. That assertion is not clearly substantiated by the vague wording of the directive. And although Judge Smyth acknowledges in his response that the District Clerk issued the recall directive, he does not adopt relator's characterization of that document as reinstating a dismissed case. Moreover, the recall directive does not indicate that the trial court has taken any other action in cause number 1881713 following the February 18, 2014 order of dismissal, and Judge Smyth does not concede in his response to have taken any other action following dismissal of the case. In sum, the only record evidence provided by relator in support of her request for mandamus and prohibition relief is insufficient to demonstrate that the trial court has asserted or will assert jurisdiction over cause number 1881713 after its February 18, 2014 order dismissing that case. Accordingly, relator is not entitled to relief on the record before this court.

Although we deny relator's petition based on the record before us, it is without prejudice to relator seeking appropriate relief in the future if she believes the trial court is acting without jurisdiction.

## IV. Conclusion

For the foregoing reasons, we dismiss in part and deny in part relator's petition for writ of mandamus and writ of prohibition. We also deny as moot relator's motion for a temporary stay of the underlying proceedings.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).