**Affirmed and Memorandum Opinion filed August 29, 2024.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-23-00528-CV

**IGNACIO OLVERA, Appellant**

**V.**

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 16-DCV-237937**

## MEMORANDUM OPINION

Appellant Ignacio Olvera appeals a judgment in favor of Appellee Fidelity and Deposit Company of Maryland, arguing the trial court committed reversible error by allowing Fidelity's witness to testify from documents which were never produced to him.

### BACKGROUND

In December 2016, Olvera sued D.R. Horton Texas, Ltd. Alleging he had not

been paid for his construction work on D.R. Horton's property and was entitled to foreclose on a perfected mechanic's and materialman's lien, Olvera asserted numerous causes of action.[1] D.R. Horton filed an answer, generally denying Olvera's allegations and asserting a bond to indemnify against the lien that had been issued by Fidelity. Olvera filed a supplemental petition, joining Fidelity as a defendant and alleging that he (1) had filed and perfected a mechanic's and materialman's lien to secure his statutory right to be paid for the materials he supplied; (2) was entitled to foreclose the lien on the property pursuant to chapter 53 of the Texas Property Code; and (3) had a claim against the bond.

Fidelity filed an answer, generally denying Olvera's allegations and asserting that (1) D.R. Horton had filed a bond to indemnify against the lien in December 2016; (2) the bond amount is twice the claimed lien in accordance with the Texas Property Code; and (3) Olvera's lien, therefore, has been canceled and Olvera is "barred from attempting to foreclose it." In February 2017, D.R. Horton filed a motion for summary judgment on all of Olvera's claims, and the trial court granted the motion in August 2017.

In April 2023, the case proceeded to a bench trial. At trial, Olvera testified he was owed $6,300 for construction work he had done on three houses in May 2016. On cross-examination, Olvera admitted that D.R. Horton did not hire him to work on the three houses but that Renegado Construction hired him as a sub-subcontractor and that he expected Renegado Construction to pay him and not D.R. Horton. Olvera also admitted not having "any texts, emails, purchase orders or any documents that show that [he] did the work or even when [he] did the work." Olvera testified that

---

[1] In the same petition, two other plaintiffs alleged claims against several defendants. However, the two plaintiffs filed a motion to nonsuit all their claims against these defendants; the trial court granted the motion and dismissed the claims. These plaintiffs and defendants are not part of this appeal.

the only thing he knew was that "the work was completed in the month of May."

After Olvera rested his case, Fidelity called D.R. Horton's construction manager as a witness to testify about the dates work on the houses was completed and paid for. When Fidelity attempted to show the manager certain documents/invoices to refresh his recollection, Olvera objected because the documents had not been produced and Fidelity "ha[d]n't seen them." Olvera also objected claiming a general denial did not allow Fidelity to contest perfection and validity of the lien under chapter 53 of the Texas Property Code, but that Fidelity was required to plead an affirmative defense.

Discussion ensued and the parties focused much of their arguments on whether Fidelity could contest perfection of the lien. The trial court offered Olvera a continuance several times, but Olvera declined. Fidelity also offered to continue the case for as much time as Olvera needed. After confirming he did not want a continuance but wanted to move forward with trial, Olvera nonetheless objected again and also moved for a mistrial claiming Fidelity's evidence "constitutes surprise and prejudice" because it was not disclosed. In response, Fidelity stated that "it's been the defendant's position from day one that the payment was made in April. The documents showing the payments in April that were produced years ago, the disclosures have been made." Fidelity again offered to continue the case and stated, "I don't want him to walk out of here feeling surprised."

The trial court responded, "I've made the option available for a continuance and the plaintiff has opted to go forward, so we will honor that request to go forward by the plaintiff and we will proceed." The court asked Fidelity's witness to return to the stand and Fidelity proceeded with direct examination. After hearing the evidence and arguments, the trial court concluded that Olvera did not prove his case. The court signed a final judgment on May 2, 2023, ordering Olvera to take nothing

from Fidelity. Olvera filed a request for findings of fact and conclusions of law. The trial court did not issue findings of fact and conclusions of law, and Olvera did not file a notice of past due findings and conclusions. Olvera filed a timely notice of appeal.

## ANALYSIS

In two issues, Olvera argues the trial court committed reversible error by allowing Fidelity's witness to testify from documents which were never produced to Olvera without determining whether Fidelity established good cause for its failure to disclose evidence or established a lack of surprise or prejudice to Olvera. Citing Texas Rule of Civil Procedure 193.6(a) and (b), Olvera claims that "[a]lthough it was undisputed that Appellee's documents were untimely disclosed, the trial court failed to conduct the analysis required for late-filed evidence under Rule 193.6" and instead suggested a continuance. According to Olvera, once he asked the trial court to exclude Fidelity's undisclosed evidence, the burden shifted to Fidelity to establish good cause for its failure to disclose or to show a lack of surprise or prejudice.

We review a trial court's evidentiary ruling for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). We will uphold a trial court's evidentiary ruling if any legitimate ground supports the ruling, even if the ground was not raised in the trial court. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). And we will not reverse an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or prevented a proper presentation of the appeal. *See* Tex. R. App. P. 44.1(a); *Bay Area Healthcare Grp., Ltd.*, 239 S.W.3d at 234;

4

*Bowden v. Methodist Hosp.*, No. 14-23-00130-CV, 2024 WL 2759397, at \*2 (Tex. App.—Houston [14th Dist.] May 30, 2024, no pet. h.) (mem. op.).

Generally, a party who fails to timely amend or supplement a discovery response requesting evidence or the identity of witnesses may not introduce the evidence or offer the testimony of the witness at trial. *See* Tex. R. Civ. P. 193.6(a). However, the trial court may admit untimely disclosed evidence or allow a witness to testify if the proponent shows there is (1) good cause for its failure to timely amend its response or identify the witness, or (2) a lack of unfair prejudice or unfair surprise to the other party. *Id.* 193.6(a), (b). Even if the party seeking to introduce the evidence at issue does not carry its burden of establishing the grounds for the exception, the trial court may grant a continuance or temporarily delay the trial "to allow opposing parties to conduct discovery regarding any new information presented by that response." *Id.* 193.6(c).

However, Olvera cannot demonstrate he was prejudiced by the trial court's actions. Here, the trial court several times offered Olvera a continuance, but he refused to continue the trial and opted to go forward. Thus, the trial court offered Olvera the remedy specifically provided for in Rule 193.6(c). *See id.* Because Olvera declined the trial court's offer to continue the proceedings, he cannot show he was unfairly prejudiced. *See Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also In re Commitment of Cruz*, No. 04-18-00865-CV, 2021 WL 3639815, at \*2 (Tex. App.— San Antonio Aug. 18, 2021, no pet.) (mem. op.); *Sundance Energy, Inc. v. NRP Oil & Gas LLP*, No. 01-18-00340-CV, 2019 WL 3819523, at \*8 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, pet. denied) (mem. op.); *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 39-40 (Tex. App.—Texarkana 2018, pet. denied); *Jackson v. Gould*, No. 01-16-00203-CV, 2016 WL 5957214, at \*5 (Tex. App.—Houston [1st Dist.] Oct.

13, 2016, no pet.) (mem. op.); *Hilburn v. Providian Holdings, Inc.*, No. 01-06-00961-CV, 2008 WL 4836840, at \*10-11 (Tex. App.—Houston [1st Dist.] Nov. 6, 2008, no pet.) (mem. op.).

Olvera claims in his reply brief that "[a] party who becomes aware of discovery abuse only after trial begins cannot be held to waive its complaint under these circumstances," citing *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993), *In re Hightower*, 580 S.W.3d 248, 254-55 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding [mand. denied]), and *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 672 (Tex. App.—Texarkana 1999, pet. denied). However, neither of these three cases support his contention; they are inapplicable in this case.

In *Remington*, the supreme court rejected Remington's argument that "no trial court may impose discovery sanctions posttrial for pretrial discovery abuse" and found that "if pretrial discovery abuse is not revealed until after the trial has begun, or even after trial, a party cannot be said to have waived a claim for sanctions." *Remington Arms Co.*, 850 S.W.2d at 170. Sanctions are not the issue in this case.

In *Hightower*, the trial court granted a post-verdict mistrial, stating in its order: "Plaintiffs did not waive their objection to the admission of Defendants' Exhibit 106 [a photo]. Plaintiffs obtained a pretrial ruling through the court's order in limine and preserved that objection through trial. *Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 169 (Tex. 1993). Defendants' violation of that order came to light after trial. *Id.* Accordingly, the Court grants Defendants' motion and declares a mistrial." *In re Hightower*, 580 S.W.3d at 253. We affirmed the trial court's grant of mistrial, noting the trial court relied on *Remington Arms* and held that Plaintiffs preserved their objection to admission of the photo taken in violation of the court's exclusionary order despite Plaintiffs' failure to contemporaneously object at trial when the objectionable nature of the photo was not revealed until after trial despite

6

a pointed inquiry on the matter. *Id*. at 255. Here, mistrial as sanctions is not an issue.

In *Tinsley*, the court stated that "[w]hen a party has failed to identify evidence in response to a discovery request, the trial court has the discretion to postpone the trial and impose sanctions on the offending party for abuse of the discovery process." *Tinsley*, 998 S.W.2d at 672. Again, sanctions are not an issue in this case. But more importantly, *Tinsley* actually supports our holding that Olvera waived his complaint when he rejected the trial court's offer to continue the case. The *Tinsley* court found that because Wal-Mart rejected the trial court's offer to continue the trial so Wal-Mart could depose a witness, any complaint about allowing the witness's testimony was waived. *Id*.

In his reply brief, Olvera also contends that the supreme court "has expressly disapproved of cases forcing a party in Olvera's position to accept an unwanted continuance in lieu of a ruling on his discovery complaint" and cites *Gutierrez v. Dallas Independent School District*, 729 S.W.2d 691, 693-94 (Tex. 1987). First, the trial court did not force Olvera to accept a continuance in lieu of ruling on his discovery complaint. Second, the *Gutierrez* case predates Rule 193.6(c) and is inapplicable. "After [1999], the rules of civil procedure have been amended to expressly allow the trial court to fashion a remedy to correct any prejudice to the opposing parties caused by a party's late, or lack of, supplementation by continuing or postponing the trial." *Orbison*, 553 S.W.3d at 40; *see also In re Commitment of Cruz*, 2021 WL 3639815, at *2.

Because we conclude that Olvera waived any complaint under Rule 193.6 regarding the admission of untimely disclosed evidence and related witness testimony, we overrule his issues.

7

## CONCLUSION

Having overruled Olvera's issues, we affirm the trial court's judgment.

/s/ Meagan Hassan
Justice

Panel consists of Justices Wise, Spain, and Hassan.