Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-00010-CV

## IN THE INTEREST OF Z.C.J. Jr.

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-01373
Honorable Fred Shannon, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

Appellant Teresa Rodriguez appeals the trial court's order terminating her parental rights to her child Z.C.J. Jr.  Rodriguez contends that the trial court denied her procedural due process by (1) refusing to grant her motions for continuance and (2) limiting her expert witness examinations during trial.  We affirm the trial court's judgment.

## BACKGROUND

The Texas Department of Family and Protective Services received information that Rodriguez may have been the victim of domestic violence.  During the Department's investigation, Rodriguez showed the caseworker bruises and bite marks on herself that she said were the result of a physical altercation between herself and her boyfriend.  The caseworker

expressed concern that Rodriguez's two and one-half year old son, Z.C.J. Jr., was in the room when the violence occurred. Rodriguez agreed to a safety plan, which included not allowing her boyfriend into her home. A few days later, a Department caseworker observed the boyfriend in Rodriguez's home. The Department immediately removed Z.C.J. Jr. from the home and filed its original petition for conservatorship and termination of Rodriguez's parental rights to Z.C.J. Jr.

Rodriguez's first trial resulted in a mistrial; a 9-3 hung jury favored termination. In the retrial, the jury returned a 10-2 verdict terminating Rodriguez's parental rights. Rodriguez does not challenge the sufficiency of the evidence presented at trial supporting termination of her parental rights. Instead, she contends the trial court denied her procedural due process when it (1) denied her November 9th motion for continuance to, *inter alia*, obtain the reporter's record from the previous trial, (2) denied her November 14th motion for continuance to allow her attorney more time to prepare, and (3) placed limits on expert witness examinations.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for continuance in a termination of parental rights case for an abuse of discretion. *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.). We review a trial court's exercise of its power to control the timing and manner of expert witness examinations for an abuse of discretion. *See In re S.M.V.*, 287 S.W.3d 435, 442 (Tex. App.—Dallas 2009, no pet.); *see also State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that a trial court has discretion in limiting the number of expert trial witnesses). In reviewing decisions within the trial court's discretion, we must not substitute our judgment for the trial court's; rather, we determine

whether the trial court acted so arbitrarily that it exceeded the bounds of its discretion. *In re E.L.T.*, 93 S.W.3d at 374–75.

## ISSUES PRESENTED

### A.  Procedural Due Process

Parental rights termination proceedings must comply with procedural due process requirements. *In re B.L.D.*, 113 S.W.3d 340, 351–52 (Tex. 2003).  To determine whether a government decision has deprived an individual of procedural due process, we balance the three *Eldridge* factors against the presumption that the rule comports with due process. *Id.* at 352 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)); *accord In re J.F.C.*, 96 S.W.3d 256, 303 (Tex. 2002).  However, a parent may fail to preserve such a complaint for appellate review if she does not specifically raise a constitutional challenge. *See* TEX. R. APP. P. 33.1(a)(1)(A); *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003); *In re Baby Boy R.*, 191 S.W.3d 916, 921–22 (Tex. App.—Dallas 2006, pet. denied), *cert. denied sub nom. Gidney v. Little Flower Adoptions*, 549 U.S. 1080 (2006).

In her brief, Rodriguez asserts the trial court denied her due process under the Fourteenth Amendment and her *Eldridge* factors overcome the presumption that the rule comports with due process.  However, in her motions for continuance, Rodriguez did not expressly cite the Constitution, state she was making a constitutional objection, or otherwise make the trial court aware that she was raising an objection based on her constitutional right to due process. Therefore, we conclude that Rodriguez failed to preserve her procedural due process complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d at 710–11; *In re Baby Boy R.*, 191 S.W.3d at 921–22.

**B. Motions for Continuance**[1]

In a civil suit, including a parental rights termination proceeding, a trial court shall not grant a motion for continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."[2] *See* TEX. R. CIV. P. 251; *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.). If a motion is not supported by an affidavit and the trial court denies the motion, we may presume the trial court acted within its discretion. *In re E.L.T.*, 93 S.W.3d at 375. Personal matters, other cases, and insufficient time to prepare are not necessarily sufficient cause for granting a continuance. *See Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ).

*1. November 9th Motion for Continuance*

Five days before the scheduled start of the retrial, Rodriguez moved for a thirty-day continuance and offered several reasons. First, she wanted time for the court reporters from the prior mistrial to prepare their records so she could use them to impeach opposing witnesses. Rodriguez's counsel also argued he needed more time because of (1) his recent illness, (2) the financial burden that proceeding with trial was placing on his private practice, and (3) his commitments in other courts. The Department reminded the court that the statutory deadline[3] was approaching and the upcoming holidays would reduce the available court days even further. The foster mother's counsel opposed the motion and noted that he and other counsel in the proceeding had already cleared their schedules for the following week. The trial court denied her motion. At that point, counsel had five days' notice that Rodriguez was going to trial.

---

[1] Rodriguez made a written motion for continuance on November 9th and an oral request for recess on November 14th. Rodriguez's November 14th request for recess occurred just before voir dire; we construe that request as an oral motion for continuance.

[2] In its brief the Department notes Rodriguez's motions were not supported by affidavits, but the Department did not make that assertion to the trial court, and it appears that the trial court did not deny the motions on that basis.

[3] *See* TEX. FAM. CODE ANN. § 263.401 (West 2008) (providing the time frame by which a suit must commence for terminating the parent-child relationship, and mandating dismissal of the suit if the trial on the merits has not commenced before the deadline expires).

Rodriguez presents no compelling authority making a reporter's record from a previous proceeding a matter of right in a parental rights termination case. She cites the appeals court opinion in *In re B.L.D.*, 56 S.W.3d 203 (Tex. App.—Waco 2001), *rev'd*, 113 S.W.3d 340 (Tex. 2003), and invites this court to import criminal procedure to make a reporter's record a matter of right in a parental rights termination case. However, the supreme court reversed the lower court and stated that the rules of civil procedure, not criminal procedure, govern parental rights termination cases. *In re B.L.D.*, 113 S.W.3d 340, 351 (Tex. 2003). The trial court did not abuse its discretion in denying Rodriguez's November 9th motion for continuance. *See id.*; *Blake*, 886 S.W.2d at 409.

2. *November 14th Motion for Continuance*

Rodriguez's counsel knew the motion for continuance was denied five days before the scheduled trial date. Nevertheless, on the first day of trial, Rodriguez's counsel requested a twenty-four hour continuance to prepare for the retrial. Given the trial court's (1) knowledge that Rodriguez's counsel had fully tried the same case a few weeks earlier, (2) cognizance of the impending statutory deadline for dismissal, and (3) responsibility to expedite a final decision for the best interest of the child, we conclude that the trial court did not abuse its discretion by denying Rodriguez's November 14th motion for continuance for additional time to prepare. *See In re E.L.T.*, 93 S.W.3d at 374–75; *see also Conti v. Tex. Dep't of Family & Protective Servs.*, No. 01-10-00185-CV, 2011 WL 286143, at *9–13 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (mem. op.) (rejecting appellants' assertion that the trial court abused its discretion by denying their motion for continuance to give counsel time to prepare when counsel had been retained only three days before trial).

## C. Limits on Expert Witness Examinations

Rodriguez contends the trial court erred when it (1) limited the examinations of each witness to one attorney from each side and (2) set time limits on each side's examination of each witness.

A trial court has the authority to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." *Great Global Assurance Co. v. Keltex Props., Inc.*, 904 S.W.2d 771, 777 (Tex. App.—Corpus Christi 1995, no writ) (quoting the predecessor to Texas Rule of Evidence 611). If a party believes the court is improperly limiting an examination, the party must make a timely, specific objection when the time limit is enforced and get a ruling on that motion from the court, or the party waives any right to appellate review. *See* TEX. R. APP. P. 33.1 (preservation of appellate complaints); *In re L.M.I.*, 119 S.W.3d at 710–11 (waiver); *In re M.M.L.*, 241 S.W.3d 546, 551–52 (Tex. App.—Amarillo 2006, pet. denied) (object when limits enforced).

### 1. Limiting Number of Attorneys

Before the expert witness examinations began, the trial court announced that it intended to limit those examinations to one attorney per side in order to expedite the proceedings. Rodriguez did not object when this limit was announced or during the examinations. She raises this complaint for the first time on appeal. Because Rodriguez failed to timely object to the limitation, she failed to preserve her complaint for appellate review. *See* TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d at 710–11.

### 2. Limiting Time for Examinations

In the same announcement, the trial court also limited the parties' examination of expert witnesses, depending on the expert, to either fifteen or twenty minutes per expert. The court

determined these limits by reviewing the time that the parties used to examine the same witnesses during the first trial. Under Rule 611 of the Texas Rules of Evidence, the trial court "shall exercise reasonable control" over the interrogation of witnesses and presentation of evidence. TEX. R. EVID. 611(a). "The trial court's 'inherent power,' together with applicable rules of procedure and evidence, accord trial courts broad, but not unfettered, discretion in handling trials." *State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (quoting *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)); *see In re S.M.V.*, 287 S.W.3d at 442.[4] A trial court may not arbitrarily limit expert witness examination, but in this case we are not persuaded that the court abused its discretion for at least three reasons. First, the court did not enforce *any* time limits against Rodriguez during the expert examinations. Second, Rodriguez never objected to the time limits during the expert examinations. *See In re L.M.I.*, 119 S.W.3d at 710–11. Third, Rodriguez never advised the trial court that she was unable to present any specific expert witness testimony due to the time limits. *Cf. In re M.M.L.*, 241 S.W.3d at 552.

Assuming *arguendo* that Rodriguez preserved her complaint for appeal, she nevertheless failed to show that the court abused its discretion when it orally stated time limits for each side's expert witness examinations but did not enforce any limit against her. *See In re L.M.I.*, 119 S.W.3d at 710–11; *In re S.M.V.*, 287 S.W.3d at 442; *In re M.M.L.*, 241 S.W.3d at 552; *see also Gaylor Inv. Trust*, 322 S.W.3d at 819.

## CONCLUSION

Rodriguez did not present a constitutional due process argument to the trial court, and thus failed to preserve her due process complaint for appellate review. Applying an abuse of

---

[4] Due process concerns may be implicated when a trial court arbitrarily or unreasonably limits or excludes expert witness testimony. *See In re N.R.C.*, 94 S.W.3d 799, 808 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (noting that the trial court's discretion in excluding witnesses is limited by the Due Process Clause).

discretion standard to her complaints on her motions for continuance, we conclude that the trial court acted within its discretion when it denied her motions. Finally, we conclude that Rodriguez failed to preserve for appellate review her complaint regarding the trial court's limits on expert testimony, and she failed to show that the trial court abused its discretion when it set but did not enforce those limits against her. Therefore, we affirm the trial court's judgment.


Rebecca Simmons, Justice