**Affirmed and Opinion Filed July 13, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00343-CV**

**IN THE INTEREST OF B.W.S., A MINOR CHILD**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-51685-2010**

# MEMORANDUM OPINION NUNC PRO TUNC[1]

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

This appeal arises from proceedings in a suit affecting the parent-child relationship (SAPCR) in which appellee K.B.S. (Father) sought custody modifications regarding his son, B.W.S. The trial court issued temporary orders on October 17, 2019, and a final modification order on March 23, 2020. Appellant N.A.M. (Mother) appeals both orders. She seeks a new trial based on her contention that the trial court's allocation of time between the parties at two hearings constituted an abuse of discretion. We affirm.

---

[1] This memorandum opinion nunc pro tunc corrects an error in the original opinion. The original memorandum opinion incorrectly stated that the Honorable Justice Leslie Osborne was not a voting member of the panel.

# BACKGROUND

Father and Mother divorced in 2011 and share custody of B.W.S. The divorce decree named the parties joint managing conservators of B.W.S. and provided Father with the exclusive right to establish the primary residence of the child. The decree awarded Mother an expanded standard possession schedule and ordered her to pay child support. The SAPCR order in effect at the time of the proceedings at issue here was the trial court's July 2, 2015, Final Order in Suit to Modify Parent-Child Relationship.

In June 2019, Father learned of divorce proceedings and a verbal and physical altercation between Mother and her then husband, S.G.M. Mother and S.G.M. each filed a motion for protective order against the other following the altercation. One of S.G.M.'s adult sons, D.M., also informed Father that Mother was using illegal drugs and drinking excessively at home while B.W.S. was present in the home. In addition, Father learned from D.M. that Mother obtained a British Passport for B.W.S. without Father's knowledge and intended to kidnap B.W.S. and take him to England if the court proceedings did not go well for her.

The information from S.G.M. and D.M. prompted Father to file a petition to modify parent-child relationship (the modification motion) in the SAPCR, which included an emergency motion for ex parte restraining order against Mother and a request for temporary orders. Father cited his concerns that Mother would physically harm B.W.S. in her then-current state of agitation, drinking, and drug use. Father

asked the trial court to, among other orders, deny Mother access to B.W.S. or, alternatively, permit only supervised visitation. The trial court signed an ex parte temporary restraining order on June 20, 2019, restraining Mother from all access to B.W.S. and setting Father's request for temporary orders in the SAPCR for a temporary injunction hearing on June 24, 2019 (the temporary orders hearing). The docket sheet includes a General Docket Entry on June 20, 2019, stating "[b]oth parties appeared pro se, ex parte granted, set for hearing with other cases, drug testing ordered". Before the temporary orders hearing, Father filed a supplemental request for extraordinary relief on the basis of the potential risk of international parental abduction of B.W.S. by Mother.

At the start of the temporary orders hearing, the trial judge confirmed that motions filed in the SAPCR and motions related to the divorce proceeding were set to be heard that morning. Specifically, the motions set for hearing were the request for temporary orders in the SAPCR, a motion for temporary orders in the divorce, the motion for protective order filed by S.G.M. against Mother, and the motion for protective order filed by Mother against S.G.M. Father appeared pro se at the temporary orders hearing. Mother and S.G.M. were each represented by counsel at the hearing in relation to the divorce and their respective motions for protective order. But Mother appeared pro se regarding Father's request for temporary orders in the SAPCR.

The trial judge asked the parties and counsel if it would "make sense to just try everything together rather than having different facts repeated several times?" Father was in favor of proceeding on all four matters. He informed the trial court that "a lot" of his evidence regarding the request for temporary orders would "be based largely on the testimony of" S.G.M. and his sons because "they have firsthand knowledge of the behavior that's taken place." Mother, however, complained that she did not have counsel in the SAPCR. After discussion with counsel and the parties, the trial court decided Father, S.G.M.'s counsel, and Mother's counsel would each have thirty minutes to present their motions, and Mother would have ten additional minutes to question witnesses concerning Father's request for temporary orders in the SAPCR. During the hearing, Mother used her additional ten minutes to cross-examine one of S.G.M.'s sons, testify pro se regarding the custody issues, and call and examine three witnesses. Mother ran out of time during her examination of her third witness.

At the conclusion of the temporary orders hearing, the trial court issued written letter rulings on all four matters and scheduled the trial on the modification motion in the SAPCR for November 7, 2019. The trial court's scheduling order stated the "time required for trial" would be one hour per side. Mother signed the first scheduling order as a pro se party.

On September 23, 2019, Father filed his Motion to Enter Temporary Orders in the SAPCR. Father asked the court to sign and enter temporary orders consistent

with the court's June 24, 2019 letter ruling. The court heard that motion on October 17, 2019, and signed temporary orders that day. At the October 17, 2019 hearing, the trial judge confirmed that trial on the modification motion was scheduled for November 21, 2019, and each side would be allotted one hour. When the court called the case for trial on November 21, 2019, the child's therapist was unavailable. The court continued the trial to February 10, 2020. Mother's counsel did not object to the one-hour time limit at either the October 17, 2019, or November 21, 2019, proceedings. The scheduling orders issued by the trial court setting trial for November 21, 2019, and then for February 10, 2020, each stated that the "time required for trial" would be one hour per side. Mother's counsel signed each of those scheduling orders on her behalf.

Father's modification motion proceeded to trial on February 10, 2020. At that time, the trial court stated again on the record that the time allotted "for all of these claims is one hour per side." Mother's counsel objected to the time limitation, stating "I would at this time, on the record, object to the limitation of time as denying my client the right to due process and equal protection of the law." The trial judge overruled the objection.

Mother's counsel waived opening statements and used her allotted time to cross-examine Father's witnesses. Father called Mother as an adverse witness. Mother's counsel cross-examined Mother after Father's direct examination of her and ran out of time during the cross examination. When the trial court stopped the

examination, Mother's counsel again objected to the time limit. The trial court overruled the objection. Father then conducted a short, nine-question redirect examination of Mother and then, with thirty seconds remaining of his allotted hour, gave a short closing argument. Mother's counsel did not ask to give a closing argument or object to being unable to give a closing argument due to the time limits.

The trial court rendered a Memorandum of Final Orders on February 10, 2020, and an Order in Suit to Modify Parent-Child Relationship on March 23, 2020. On appeal, Mother contends she is entitled to a new trial because the trial court abused its discretion by imposing time limits on the parties at the temporary orders hearing and the modification hearing and by denying Mother the ability to cross-examination S.G.M. at the temporary orders hearing.

**STANDARD OF REVIEW**

"A trial court has the authority to control the presentation of evidence so as to avoid needless consumption of time." *In re M.A.S.*, 233 S.W.3d 915, 924 (Tex. App.—Dallas 2007, pet. denied). We review a trial court's imposition of time limits at trial, and the exclusion of evidence due to the imposition of time limits, using an abuse-of-discretion standard. *See id.*; *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240–41 (Tex. 2001) (stating "the discretion vested in the trial court over the conduct of a trial is great" and trial courts "may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time") (internal citations omitted); TEX. R. EVID. 611(a) ("The court

should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.").

## ANALYSIS

Mother presents three issue on appeal. Within those issues, however, Mother makes four distinct arguments, three of which relate to the temporary orders hearing. Specifically, Mother asserts the trial court abused its discretion by (1) contemporaneously considering "two separate cases" at the temporary orders hearing, (2) allocating unequal time limits to the parties during the temporary orders hearing, (3) denying Mother the opportunity to cross-examine S.G.M. at the temporary orders hearing, and (4) placing a one-hour time limit per side at the modification hearing. The only issue properly before this Court is Mother's complaint of time limits imposed at the modification hearing. Accordingly, we start with that issue.

## I.     Time limits at modification hearing

Mother contends the trial court deprived her of guaranteed constitutional rights of due process by placing a one-hour time limit on Mother at the modification hearing. We disagree. Every trial court has the inherent power to control the disposition of the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819

(Tex. App.—Houston [14th Dist.] 2010, no pet.); *In re M.A.S.*, 233 S.W.3d at 924 ("A trial court has the authority to control the presentation of evidence so as to avoid needless consumption of time."); TEX. R. EVID. 611(a). That inherent power, together with applicable rules of procedure and evidence, give trial courts broad, but not unfettered, discretion in handling trials. *Gaylor Inv. Trust P'ship*, 322 S.W.3d at 819. "The control given the trial judge must be exercised reasonably, and a party must be given a fair opportunity to present its case so that the factfinder may ascertain the truth." *In re Moreno*, No. 11-10-00353-CV, 2010 WL 5059519, at *4 (Tex. App.—Eastland Dec. 10, 2010, orig. proceeding) (mem. op.).

Here, the trial court allowed Mother and Father each one hour to present their cases at the modification hearing. The one-hour limit was noted in the trial court's four scheduling orders leading up to the hearing, each of which were signed and approved by Mother or her counsel. Although Father appeared pro se at the modification hearing and Mother was represented by counsel, the trial court nonetheless gave each side the same amount of time to present their case. Mother's counsel used Mother's allotted hour to cross-examine Father's witnesses, including Mother. Tellingly, Mother and Father ran out of time at approximately the same time; during the examination of Mother. When the trial court stopped the cross-examination of Mother by her counsel because he was "out of time," Mother's counsel objected to the time limit, and the court overruled the objection. Father then did a quick redirect examination of Mother and used his remaining thirty seconds to

present a short closing argument. Although Mother's counsel twice objected to the time limits, counsel at no time stated that Mother wanted to call additional witnesses or present an offer of proof. Similarly, Mother did not ask to present a closing argument.

On this record, we conclude the trial court did not abuse its discretion in setting time limits at the modification hearing. *See* TEX. R. EVID. 611(a); *see also In re M.A.S.*, 233 S.W.3d at 924. Further, the time limits did not violate Mother's right to due process. On the contrary, the record shows Mother was provided a fair opportunity to confront witnesses and present her case. Accordingly, we overrule Mother's complaints concerning the time limits imposed at the modification hearing.

## II.    Remaining issues

Mother's remaining issues relate to the temporary orders hearing. It is well-settled that a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order. *In re M.L.R.*, No. 05-15-00647-CV, 2016 WL 5791530, at *2 (Tex. App.—Dallas Oct. 4, 2016, no pet.) (mem. op.) (internal citations omitted); *In re A.C.*, No. 02-21-00121-CV, 2022 WL 1793419, at *3 (Tex. App.—Fort Worth June 2, 2022, no pet. h.) (mem. op.) ("complaints about temporary orders fall by the wayside anyway when a final order has been entered."); *In re E.R.W.*, 528 S.W.3d 251, 257 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Because the trial court since has rendered a final judgment, Mother's complaints about the temporary orders authorizing emergency removal are moot."); *see also In*

*re A.K.*, 487 S.W.3d 679, 683 (Tex. App.—San Antonio 2016, no pet.) ("[A] temporary order is superseded by entry of a final order of termination, rendering moot any complaint about the temporary order."). Complaints concerning a hearing to obtain temporary orders is similarly mooted by the issuance of a final order. *See In re J.M.L.P.*, No. 06-15-00043-CV, 2015 WL 7540553, at \*2 (Tex. App.—Texarkana Nov. 25, 2015, pet. denied) (mem. op.) ("The entry of the final order in this case rendered moot any complaint regarding the trial court holding a temporary hearing or entering temporary orders.") (citing cases).

Here, the trial court signed temporary orders on October 17, 2019. The temporary orders stated they "shall continue in force until further order" of the court. That order came on March 23, 2020, when the trial court signed the modification order. Because the trial court has rendered a final judgment, we conclude Mother's complaints about the temporary orders hearing and the temporary orders are now moot and not subject to appeal. *See In re A.K.*, 487 S.W.3d at 684; *see also Wright*, 749 S.W.2d at 234; *Mauldin v. Clements*, 428 S.W.3d 247, 261–62 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Because a final order has been entered in this case, Marca's challenges to the temporary orders are moot."); *Coleman v. Tex. State Dep't of Pub. Welfare*, 562 S.W.2d 554, 556 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) ("Upon the entry of the final judgment, the force and effect of a temporary order ceased.").

Further, Mother's due-process complaints regarding the temporary orders hearing were cured by the trial court providing due process to Mother at the modification hearing. *See Motheral v. Black*, No. 03-21-00671-CV, 2022 WL 1433960, at *10 (Tex. App.—Austin May 6, 2022, pet. filed) (due-process complaints regarding an initial hearing can be cured if due process is provided at a subsequent hearing.); *see also United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 126-27 (Tex. App.—San Antonio 1995, writ denied) (alleged due process violations during first proceeding cured by subsequent proceeding at which party was provided opportunity to confront the witnesses and present his version of the facts). We have determined the trial court did not abuse its discretion by ordering time limits on the parties at the modification hearing, and Mother was provided an opportunity to confront the witnesses and present her case. Any alleged due process violations committed at the temporary orders hearing were, therefore, cured at trial. We overrule Mother's issues concerning the temporary orders hearing.

## CONCLUSION

We conclude the trial court did not abuse its discretion by imposing time limits on each side at the modification hearing. We further conclude Mother's complaints concerning the temporary orders hearing and temporary orders are moot and not properly before us on appeal.

Accordingly, we affirm the trial court's March 23, 2020 modification order and dismiss Mother's remaining issues as moot.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200343F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT NUNC PRO TUNC

IN THE INTEREST OF B.W.S., A MINOR CHILD,

No. 05-20-00343-CV          V.

On Appeal from the 470th Judicial District Court, Collin County, Texas Trial Court Cause No. 470-51685-2010.
Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

In accordance with this Court's memorandum opinion nunc pro tunc of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KENNETH BRYAN SHADDOX recover his costs of this appeal from appellant NAOMI ABRAHAM.

Judgment entered this 13th day of July 2022.